UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTANY GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON CEDAR & SUPPLY CO., a Washington corporation,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Brittany Gutierrez states and alleges the following facts and causes of action against the above-named Defendant:

**JURISDICTION AND VENUE**

1. This is an action brought under Title VII, 42 U.S.C. 2000e, the Washington Law Against Discrimination, RCW 49.60, *et seq*. ("WLAD"), and the Washington Industrial Welfare Act ("IWA"), RCW 49.020 and WAC 296-126-092.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims arising under Title VII and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the Constitution.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the corporate Defendant transacts business there or transacted business there at the time this cause of action arose.

## PARTIES

4. Plaintiff is a resident of Washington State.

5. Defendant Washington Cedar & Supply Co., ("WCS") is a Washington corporation and is an employer under Title VII and the WLAD.

## ADMINISTRATIVE PROCEEDINGS

6. On or about October 10, 2023, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On or about October 10, 2024, Plaintiff received the Notice of Right to Sue from the EEOC.

8. This action has been filed with the Court within 90 days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND

9. On June 16, 2022, Plaintiff began her employment at WCS in an Inside Sales position. She was the only female at this location.

10. From the start of Plaintiff's employment, she experienced sexist treatment from management. Shortly after she was hired, the Branch Manager, Reed Wilkening, and the Assistant Branch Manager, Mike Beeler, began referring to Plaintiff as "the girl." She told them she had a name and would like to be referred to by her name. In one instance, Mr. Beeler also referred to Plaintiff as his "slave."

11. After she was hired, Plaintiff noticed she was being assigned tasks not given to

COMPLAINT -2-

MALONEY O'LAUGHLIN, PLLC
200 WEST MERCER STREET, STE. 506
SEATTLE, WA 98119
206.513.7485

male employees, such as ordering and retrieving coffee from Starbucks, ordering and retrieving lunch, doing bank runs during her lunch break, shopping for holiday décor and employees' Christmas gifts, and taking overnight mail to UPS after work.

12. In October 2022, Plaintiff reported this to Human Resources, but was told these things were part of her job duties. On several occasions, Plaintiff reported to HR that she was not getting lunch breaks, but nothing was done. Plaintiff was still doing lunchtime bank runs up through May 2023. She was dropping off the overnight mail on her way home up until she was terminated.

13. In February 2023, WCS hired a man, Brad Mueller, for Inside Sales. His starting pay was significantly higher than Plaintiff's, despite having no relevant experience, as she discovered when training him. Around that same time, Mr. Wilkening began discussing the opening for the Outside Sales position, but no action was taken.

14. In April 2023, Plaintiff told Mr. Wilkening of her intent to resign. He said he was shocked she was leaving and that he didn't want to lose her. He asked what he could do to keep her and if there was a number he needed to match. Plaintiff told him she would need $30 an hour. He also said that Plaintiff was eligible for an upcoming annual sales bonus since she would soon be with the company for a year. He said it would be around $7,000-$10,000 and would be in her first July paycheck. Mr. Wilkening also said he would start bringing Plaintiff out to network so she could become an Outside Sales Representative. Based on these representations and the approved raise, Plaintiff decided to stay with the company.

15. When Plaintiff did not receive the bonus in her first July paycheck, she asked Mr. Wilkening about it. He said she would get it in the first August paycheck.

16. On August 8, 2023, Mr. Wilkening and Mr. Mueller went out to network with clients. At this point, he had not taken Plaintiff out to network with clients despite telling her he

would give her that opportunity.

17. On August 9, 2023, Plaintiff told Mr. Wilkening she felt hurt and undermined by him because Mr. Mueller was going out to network when that was something that she was promised. He said, "I've always seen a male in this role and you're just here for diversity." Plaintiff told him that was gender discrimination and he said: "No, the company wants a man." He also said the company liked Mr. Mueller, that he was a better fit for the role, and that Plaintiff didn't know how to play golf. Plaintiff said that she is a smart, strong, sophisticated woman and most people would consider that a strength. She said she was sorry he didn't see it that way and went back to work.

18. Later that day, Mr. Wilkening said that he and the guys agreed that Plaintiff was acting weird and not interacting with anyone. Plaintiff said nothing had changed and that she was doing her job as usual. She also mentioned that he had not left his office so she didn't understand how had observed her behavior. He then told Plaintiff she could take the rest of the day off. She said she would not unless she was paid for those hours, so she ended up staying for the remainder of the workday.

19. On August 10, 2023, when Plaintiff arrived at work, she was met in the parking lot by Mr. Wilkening and Mr. Beeler and was not allowed in. Mr. Beeler brought out Plaintiff's belongings in a box. Mr. Wilkening told Plaintiff that she was being terminated for making him feel uncomfortable the previous day and said there was no future for her with the company.

## COUNT I – WLAD SEX DISCRIMINATION

20. Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

21. Defendant discriminated against Plaintiff because of her sex.

22. Defendant required Plaintiff to perform duties that were not required of male

employees.

23. Defendant denied Plaintiff networking, financial, and promotion opportunities that were given to a male employee.

24. Defendant terminated Plaintiff because she is a woman.

25. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including lost wages and emotional distress.

## COUNT II – WLAD RETALIATION

26. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

27. Plaintiff engaged in protected activity by complaining of sex discrimination.

28. Defendant terminated Plaintiff because of her complaint of sex discrimination.

29. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT III – TITLE VII SEX DISCRIMINATION

30. Plaintiff realleges and incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

31. Defendant discriminated against Plaintiff because of her sex.

32. Defendant required Plaintiff to perform duties that were not required of male employees.

33. Defendant denied Plaintiff networking, financial, and promotion opportunities that were given to a male employee.

34. Defendant terminated Plaintiff because she is a woman.

35. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including lost wages and emotional distress.

36. Defendant acted with malice or reckless disregard to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter it and others from like conduct.

### COUNT IV – TITLE VII RETALIATION

37. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

38. Plaintiff engaged in protected activity by complaining of sex discrimination.

39. Defendant terminated Plaintiff because of her complaint of sex discrimination.

40. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

41. Defendant acted with malice or reckless disregard to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter it and others from like conduct.

### COUNT V: IWA FAILURE TO PROVIDE MEAL BREAKS
### (RCW 49.12.020; WAC 296-126-092)

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in this Complaint.

43. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

44. The term "conditions of labor" under RCW 49.12.005 is defined to include "the conditions of rest and meal periods for employees . . .."

45. WAC 296-126-092(1) provides that "[e]mployees shall be allowed a meal period of at least thirty minutes . . . on the employer's time . . ."

46. Under Washington law, Defendant has an obligation to provide employees with meal breaks for every five consecutive hours of work. By failing to do so, Defendant is obligated to compensate Plaintiff with thirty minutes of additional pay for each missed meal break.

47. Defendant willfully deprived Plaintiff of meal periods and is therefore liable for double damages. RCW 49.52.050; 49.52.070.

48. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial.

## REQUEST FOR RELIEF

49. Plaintiff Brittany Gutierrez requests all damages allowable under Washington and federal law, including the following:

   a. Compensatory damages, including lost wages and emotional distress damages;

   b. Front pay and pre- and post-judgment interest;

   c. Punitive damages under federal law;

   d. Double damages under RCW 49.52.070;

   e. Attorney's fees, costs, and expenses; and

   f. Any and all other and further relief this Court deems just and proper.

DATED this 7th day of January, 2025.

Respectfully submitted,

By:  /s/  *Matt J. O'Laughlin*
Matt J. O'Laughlin, WSBA 48706
/s/  *Amy P. Maloney*
Amy P. Maloney, WSBA 55610
MALONEY O'LAUGHLIN, PLLC
200 W. Mercer Street, Ste. 506
Seattle, Washington 98119
Tel: 206.513.7485
Fax: 206.260.3231
matt@pacwestjustice.com
amy@pacwestjustice.com

Attorneys for Plaintiff